# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| MELVIN GEOVANNI HERNANDEZ RUBIO, <br><br> Plaintiff, <br><br> v. <br><br> HOVENSA, L.L.C, MARINE SERVICES. T&T, LTD., HESS OIL VIRGIN ISLANDS, CORP., and HESS CORPORATION. <br><br> Defendants. | Case No.1:15-cv-000 _(WAL/GWC) <br><br> ACTION UNDER THE JONES ACT, GENERAL MARITIME LAW, UNSEAWORTHINESS, MAINTENANCE AND CURE <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, MELVIN GEOVANNI HERNANDEZ RUBIO, brings this action against Defendants, HOVENSA, L.L.C, MARINE SERVICES, T&T, LTD., HESS OIL VIRGIN ISLANDS CORP., and HESS CORPORATION, and alleges:

1. This Court has jurisdiction by virtue of this action being an action pursuant to 46 U.S.C. §30104. Plaintiff's remaining claims arise under the general maritime laws of the United States. This action is brought "at law" with the statutory right to a jury trial granted by the Jones Act. This Court has jurisdiction hereof pursuant to 28 U.S.C. §§1331 and 1333.

2. Defendant, HESS CORPORATION, is a corporation that is organized under the laws of Delaware; Defendant, HOVENSA L.L.C., is a limited liability company established as a joint venture between subsidiaries of Hess Corporation and Petroleos de Venezuela, S.A. Defendant, Hess Oil Virgin Islands Corp., (HOVIC), is a division and wholly owned subsidiary of Hess Corporation.

3. HOVENSA, L.L.C. a limited liability company organized and existing under the laws of the United States Virgin Islands has its principal place of business in the United States Virgin Islands.

4. Marine Services T&T, Ltd. (hereinafter "Marine Services") is a corporation organized and existing under the laws of the British Virgin Islands and has its principal place of business in the United States Virgin Islands.

5. Hess Oil Virgin Islands Corp., is the registered owner of the Motor Vessel "Turquoise Bay", ("Turquoise Bay" or the "vessel"), a vessel registered under the flag of the Republic of Panama.

6. At all relevant times, HOVENSA, L.L.C. was the manager/owner *pro hac vice* of the "Turquoise Bay."

7. At all relevant times, Marine Services acted as the agent of an undisclosed principal in hiring and employing the Plaintiff as a crewmember to work aboard the "Turquoise Bay".

8. At all times material hereto, all of the Defendants acted together as a joint venture in the operations of an oil refinery, which included the ownership, operation and management of the various vessels, including the tug boat "Turquoise Bay".

9. At all times relevant hereto Plaintiff was employed by Defendants as an able bodied seamen on the "Turquoise Bay";

10. Plaintiff is a resident of Honduras.

11. At all times material hereto, the Plaintiff worked aboard the "Turquoise Bay", which was operating within the district, and Defendants are doing business with this district.

12. On or about July 18, 2012, the "Turquoise Bay" was removing dirty oil from a slop tank at DKDC Vacuum truck.

13. The plan was to vacuum out the "Turquoise Bay" dirty oil tank at DKDC Vacuum truck.

14. During the operations, the chief engineer decided to change the plans and connected a two inch hose to the deck discharge point on the starboard side of the second deck.

15. Due to this change, the operation was not working properly and the chief engineer then decided to change back to the original plan.

16. The chief engineer, without recognizing the risk to his oiler, the Plaintiff, ordered the Plaintiff to disconnect a hose from the deck connection and to start filling the hose with water. The chief engineer then instructed the oiler to bring a full hose down to the main deck for reconnection, which was an unsafe and dangerous procedure.

17. While carrying out his orders of the chief engineer, the Plaintiff, as should have been reasonably foreseeable by the chief engineer, was unable to safely descend the ladder, and was caused to slip, lose control of the hose, and fall, resulting in a serious injury to his left knee.

18. The incident also caused oil residue to spill onto the deck and into the water.

19. The Defendants, acting through the crew, and management, failed to conduct an appropriate safety review.

20. Following Plaintiff's injury, the appropriate medical care and treatment was significantly delayed, resulting in the worsening of the Plaintiff's medical condition.

21. Plaintiff then was sent to medical care providers selected and paid for by the Defendants, who became the agents of the Defendant in the providing of medical treatment to the Plaintiff.

22. The medical care and treatment provided to the Plaintiff was not prompt, proper and adequate, contributing to the significance of his injuries, the worsening of his injuries, and the need for additional surgery and further future medical care and treatment.

23. Plaintiff is currently in need of additional surgery and will require long term future medical care and treatment.

24. The Plaintiff has endured a lot of pain and suffering as a result of the injury.

25. The Plaintiff brings this action against the Defendants' for failure to provide a reasonably safe place to work, for failure to provide prompt, proper, and adequate medical care and treatment, as well as for providing an unseaworthy vessel. In addition, Plaintiff brings this action for the failure to provide adequate maintenance and cure to the Plaintiff.

## COUNT I
## JONES ACT NEGLIGENCE

Plaintiff repeats the allegations of Paragraphs 1 through 25, above and further alleges:

26. At all times material hereto, Plaintiff was employed by Defendants as a seaman and was a member of the Turquoise Bay's crew. The vessel was in navigable waters.

26. It was the duty of Defendants to provide Plaintiff with a safe place to work and to provide prompt, proper and adequate medical care and treatment, including the duty to conduct pre-employment examinations in a non-negligent manner, and to not assign Plaintiff to job tasks beyond his physical capabilities.

27. On or about the above dates, Plaintiff was injured due to the fault and negligence of Defendants, and/or their agents, servants, and/or employees as follows:

    a. Failure to provide a safe place to work due to a negligent assignment of work tasks given to the Plaintiff, which put him at risk, and resulted in the accident in question.

    b. Failure to do a proper risk assessment before conducting the operations in question.

    c. Ordering the Plaintiff to carry a large, full hose down a ladder without appropriate assistance or supervision.

    d. Failure to properly supervise the Plaintiff.

    e. Failure to properly instruct the Plaintiff.

    f. Failure to properly train the Plaintiff.

    g. Failure to properly train and supervise the chief engineer.

    h. Failure to provide a safe place to work.

    i. Failure to provide prompt, proper, and adequate medical care and treatment.

    j. Failure to adopt safe methods of performing the work aboard the "Turquoise Bay" which would have reduced the risk of injury.

    k. Failure to provide assistance to the Plaintiff.

    l. Requiring the Plaintiff to carry the hose down the ladder.

  m. The job methods and procedures were not reasonably fit for the intended purposes as they posed an unreasonable risk of injuries.

## COUNT II
### (Unseaworthiness)

Plaintiff repeats the allegations of Paragraphs 1 through 27, above, and further alleges:

28. On or about the previously stated dates, Plaintiff was a seaman and a member of the crew of Defendants' vessel, which was in navigable waters.

29. At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendants.

30. Defendants had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel.

31. On or about the previously stated dates the unseaworthiness of Defendants' vessel was a legal cause of injury and damage to Plaintiff by reason of the following:

  a. The vessel was unsafe and unfit due to the conditions created by Defendants' conduct stated in Paragraph 27 above.

  b. Unsafe job methods and procedures.

  c. An unsafe work environment.

  d. Unsafe orders.

  e. A ladder which was unreasonably fit for its intended purpose because it was unreasonably slippery and didn't have sufficient anti-skid materials.

  f. Job procedures and methods not reasonably fit for the intended purpose.

  g. Orders that made the job operation not reasonably fit for its intended purpose.

  h. Lack of adequate assistance and personnel.

  i. Lack of proper supervision.

  j. Lack of proper methods and procedures utilized to perform the assigned job duties.

  k. The vessel was not reasonably fit for its intended purpose by virtue of the unsafe conditions Plaintiff was required to work under.

  l. The vessel's crews were not properly trained, instructed, or supervised.

  m. The vessel did not have a fit crew.

  n. The vessel did not assign adequate manpower for the tasks being performed.

  o. Failure to conduct proper job analysis and risk of harm analysis.

  p. The job methods and procedures were not reasonably fit for the intended purpose as it posed an unreasonable risk of injury.

  t. The tools and manpower assigned to perform the tasks Plaintiff was required to perform were not fit for the intended purposes.

  u. Failure to properly train and supervise Plaintiff.

## COUNT III
### (Failure to Treat/ Inadequate Medical Care)

Plaintiff repeats the allegations of Paragraphs 1 through 31, above, and further alleges:

32. Defendants failed to promptly provide Plaintiff with prompt, proper, adequate and complete medical care, which contributed to Plaintiff suffering additional injury, pain, disability and/or prolonged Plaintiff's recovery.

33. The care that was eventually provided was inadequate. As a result of the failure to provide prompt, proper and adequate medical care and treatment, the Plaintiff was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, inconvenience, aggravation of any previously existing conditions therefrom incurred,

medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages, aggravation and/or prolongation of his injuries, and his working ability has been impaired. The injuries are permanent and/or continuing in nature, and Plaintiff will suffer the losses and impairments in the future, including the need for future medical care and treatment.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for compensatory damages, including his past and future pain and suffering, mental anguish, physical handicap and impairment, disfigurement, disability, inconvenience, aggravation and/or prolongation of his injuries, lost wages in the past, loss of ability to earn money in the future, and loss of capacity for the enjoyment of life, and future medical costs. Plaintiff also demands prejudgment interest, costs and trial by jury.

## COUNT IV
### (Failure to Provide Entire Maintenance and Cure)

Plaintiff readopts and realleges paragraphs 1 through 33, and further alleges:

34. On or about the previously stated date, Plaintiff, while in the service of the vessel as a crewmember was injured.

35. Under the general maritime law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendants, until he is declared to have reached maximum possible cure.

36. Defendants failed to timely provide Plaintiff's entire maintenance and cure.

37. Plaintiff has retained an attorney to enforce his maintenance and cure rights and remedy Defendants' breach of the maintenance and cure obligations, including claims for compensatory damages for the failure to provide maintenance and cure.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, including his past and future pain and suffering, mental anguish, physical handicap and impairment, disfigurement, disability, inconvenience, aggravation and/or prolongation of his injuries, lost wages in the past, maintenance and cure, loss of ability to earn money in the future, and loss of capacity for the enjoyment of life, future medical care and treatment, and for attorney's fees, court costs and interest as permitted by law.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE BY A JURY**

RESPECTFULLY SUBMITTED

LAW OFFICES OF K.G. CAMERON
Attorneys for Petitioner [Local Counsel]

DATED: January 7, 2015

BY: *s/ K. Glenda Cameron*

K. Glenda Cameron, Esq.
VI Bar No. 683
2006 Eastern Suburb, Suite 101
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 773-3444
Fax: (800) 869-0181

Pro Hac Vice Application Pending

RIVKIND & MARGULIES, P.A.
Attorneys for Plaintiff [Primary Counsel]

BY: *s/ Brett Rivkind, Esq.*

Brett Rivkind, Esquire
66 West Flagler Street, 7th Floor
Miami, Florida 33132
Phone: 305-374-0565
Fax: 305-539-8341